## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

NICHOLAS DEMARCO

        Plaintiff,

    v.                                     Case No. 08-C-143

DONALD A. CHOMAS and PAUL F. CRUMLEY

        Defendants.

## AGREED PROTECTIVE ORDER

WHEREAS, Plaintiff and Defendants (each, a "Party" and collectively, the "Parties") agree that this matter may require the Parties or possible third party witnesses to disclose information that constitutes proprietary, confidential, private, or commercially sensitive information.

WHEREAS, each Party considers certain of the information it or a third party witness has produced or will produce to be protectable in that its unlimited or unauthorized disclosure or dissemination may cause substantial harm to that Party.

WHEREAS, to allow this litigation to proceed efficiently while protecting, inter alia, the rights and interests of the Parties:

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, as follows:

**IT IS HEREBY ORDERED** that:

Plaintiff Nicholas DeMarco and Defendants Donald Chomas and Paul Crumley shall be subject to the following Protective Order, and shall abide by the following terms in order to preserve the confidential and proprietary nature of certain discovery materials produced during the course of this litigation.

1.      Designation of confidential information must be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL."   One who provides material may designate it as "CONFIDENTIAL" only when such person/entity in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information.  Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to, or contemporaneously with, the production or disclosure of that information.  In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents.  There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2.    Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives must be deemed confidential only if they are designated as such when the deposition is taken.

3.    Information or documents designated as confidential under this rule must not be used or disclosed by the parties or counsel for the parties or any persons identified in Subparagraph (4) for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).  The parties must not disclose information or documents designated as confidential to putative class members not named as plaintiffs in putative class litigation unless and until one or more classes has been certified.

4.    The parties and counsel for the parties must not disclose or permit the disclosure of any documents or information designated as confidential under this rule to any other person or entity, except that disclosures may be made in the following circumstances:

        I.    Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit.  Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

ii.  Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

iii.  Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to the disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this rule.

iv.  Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

5.  Except as provided in Subparagraph (4), counsel for the parties must keep all documents designated as confidential which are received under this rule

secure within their exclusive possession and must place such documents in a secure area.

6. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7. To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope.

8. Upon the completion of any proceedings in this matter including appeals, the parties' counsel shall collect all Confidential Information, which shall be treated, respectively, as follows: (a) all documents filed in this matter under seal shall remain under seal; (b) the parties' counsel may retain their copies of court filings containing or referencing Confidential Information, subject to the terms of this Protective Order; (c) all documents marked as "Confidential" shall be returned to counsel for the party who produced it (exclusive of any documents marked as "Confidential" that are in electronic form ("Electronically Stored Information")); and (d) all other Confidential Information (exclusive of any Electronically Stored

Information) shall be collected by the parties' counsel and destroyed, with written notice of destruction provided to opposing counsel. With respect to Electronically Stored Information the parties' counsel shall make reasonable efforts to remove such Electronically Stored Information from counsels' active systems, specifically, active email servers, active document management systems, and active litigation support databases. The parties' counsel will not be required, however, to remove such Electronically Stored Information from any back up or disaster recover systems, or from any other source which is not reasonably accessible because of undue burden or cost.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge